| **Fill in this information to identify your case:** |
| --- |
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF ILLINOIS |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   **4/16**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Wheelchair Sales & Services, Inc.** |
| --- | --- | --- |

| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA  WS&S Globam Medical** |
| --- | --- | --- |

| 3. | Debtor's federal Employer Identification Number (EIN) | **36-4179172** |
| --- | --- | --- |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **14001 W. Illinois Highway**<br>**New Lenox, IL 60451**<br>Number, Street, City, State & ZIP Code | |
| | P.O. Box, Number, Street, City, State & ZIP Code |
| **Will**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

**5.   Debtor's website** (URL)  _____

**6.   Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:  _____

Debtor  **Wheelchair Sales & Services, Inc.**                                    Case number (*if known*) _____
_____
Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
_____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number |
|---|---|---|---|---|---|
| | _____ | | _____ | | _____ |
| | District | | When | | Case number |
| | _____ | | _____ | | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| | Debtor | | | Relationship | |
|---|---|---|---|---|---|
| | _____ | | | _____ | |
| | District | | When | Case number, if known | |
| | _____ | | _____ | _____ | |

| Debtor | **Wheelchair Sales & Services, Inc.** | | Case number (*if known*) |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Wheelchair Sales & Services, Inc.** | Case number (*if known*) | |
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 26, 2018**
              MM / DD / YYYY

**X** **/s/ William M. Downs**                          **William M. Downs**
Signature of authorized representative of debtor        Printed name

Title    **Stockholder**

---

**18. Signature of attorney**

**X** **/s/ David P. Lloyd**                          Date **February 26, 2018**
Signature of attorney for debtor                        MM / DD / YYYY

**David P. Lloyd**
Printed name

**David P. Lloyd, Ltd.**
Firm name

**615B S. LaGrange Rd.**
**La Grange, IL 60525**
Number, Street, City, State & ZIP Code

Contact phone    **708-937-1264**    Email address    **info@davidlloydlaw.com**

**6183542 IL**
Bar number and State

---

**Fill in this information to identify the case:**

Debtor name   **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   _____

☐ Check if this is an
amended filing

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __February 26, 2018__          X /s/ William M. Downs
                                              Signature of individual signing on behalf of debtor

                                              **William M. Downs**
                                              Printed name

                                              **Stockholder**
                                              Position or relationship to debtor

---

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Fill in this information to identify the case:

Debtor name  **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the:  **NORTHERN DISTRICT OF ILLINOIS**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Altimate Medical PO Box 678416 Dallas, TX 75267 | | Supplies | | | | $2,000.00 |
| Cocalas, Westerberg, Mommsen 60 Orland Square Drive Orland Park, IL 60462 | | Accounting services | | | | $2,658.00 |
| Independence Medical PO Box 635864 Cincinnati, OH 45263 | | Supplies | | | | $4,911.23 |
| Kevin Link 1440 virginia St. Downers Grove, IL 60515-1814 | | Business loan | | | | $900.00 |
| Maurice Valeriano 7332 East Ed Rice Avenue Mesa, AZ 85208 | | Business loan | | | | $846.83 |
| McKesson Corporation One Post Street San Francisco, CA 94104 | | Note (Trade Debts) | Unliquidated | $862,219.64 | $529,615.00 | $332,604.64 |
| Sunrise Medical PO Box 933056 Atlanta, GA 31193 | | Supplies | | | | $125,000.00 |
| The Med Group PO Box 931830 Atlanta, GA 31193 | | Subscription | | | | $1,750.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

| Debtor | **Wheelchair Sales & Services, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **William M. Downs 14415 S. Provencal Dr. Homer Glen, IL 60491** | | **Business loan** | | | | $46,569.29 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor name | **Wheelchair Sales & Services, Inc.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

<table>
<tr><td><strong>Part 1:</strong></td><td><strong>Summary of Assets</strong></td></tr>
</table>

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*...................................................................    $      0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*...............................................................    $      579,965.17

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................    $      579,965.17

<table>
<tr><td><strong>Part 2:</strong></td><td><strong>Summary of Liabilities</strong></td></tr>
</table>

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $      862,219.64

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................    $      0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........................    +$      184,635.35

4. **Total liabilities** ............................................................................................
   Lines 2 + 3a + 3b           $      1,046,854.99

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|
| Debtor name **Wheelchair Sales & Services, Inc.** |
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) |

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property        12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| 2. | **Cash on hand** | | **$150.00** |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **First Midwest Bank** | **Checking** | | **$4,757.25** |
| 3.2. | **First Midwest Bank** | **Checking** | | **$376.77** |
| 3.3. | **First Midwest Bank** | **Money Market** | | **$3,033.08** |
| 3.4. | **Bank of America** | **Checking** | | **$6,119.07** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $14,436.17 |
|---|

### Part 2:    Deposits and Prepayments

6. Does the debtor have any deposits or prepayments?

Debtor   **Wheelchair Sales & Services, Inc.**                                    Case number *(If known)* _____
<br>Name

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.   **Accounts receivable**

11a. 90 days old or less:   **706,625.00** - **177,010.00** = .... **$529,615.00**
<br>              face amount           doubtful or uncollectible accounts

12.   **Total of Part 3.**                                                          **$529,615.00**
<br>   Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| Part 4: | Investments |

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.   **Raw materials** | | | | |
| 20.   **Work in progress** | | | | |
| 21.   **Finished goods, including goods held for resale** **Inventory** | | **Unknown** | | **$14,000.00** |

22.   **Other inventory or supplies**

23.   **Total of Part 5.**                                                          **$14,000.00**
<br>   Add lines 19 through 22.  Copy the total to line 84.

24.   **Is any of the property listed in Part 5 perishable?**
<br>■ No
<br>☐ Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
<br>■ No
<br>☐ Yes. Book value _____ Valuation method _____ Current Value _____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
<br>■ No
<br>☐ Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | **Wheelchair Sales & Services, Inc.** | Case number *(If known)* |
|---|---|---|
| | Name | |

---

**Part 6:** **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

---

**Part 7:** **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** **Machinery, fixtures, etc. for business** | **$0.00** | | **$1,000.00** |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** **Office equipment, supplies** | **$0.00** | | **$5,000.00** |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

| | **$6,000.00** |
|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

---

**Part 8:** **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
■ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. **2011 Ford Transit Connect** | **$0.00** | | **$7,695.00** |
| 47.2. **2013 Ford Transit Connect** | **$0.00** | | **$8,219.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **Wheelchair Sales & Services, Inc.**                              Case number *(If known)* _____
                  Name

48.    **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,
         floating homes, personal watercraft, and fishing vessels

49.    **Aircraft and accessories**

50.    **Other machinery, fixtures, and equipment (excluding farm
         machinery and equipment)**

51.    **Total of Part 8.**                                                                    | $15,914.00 |

         Add lines 47 through 50.  Copy the total to line 87.

52.    **Is a depreciation schedule available for any of the property listed in Part 8?**
         ■ No
         ☐ Yes

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
         ■ No
         ☐ Yes

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

         ■ No.  Go to Part 10.
         ☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |

**59. Does the debtor have any interests in intangibles or intellectual property?**

         ■ No.  Go to Part 11.
         ☐ Yes Fill in the information below.

| Part 11: | All other assets |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
         Include all interests in executory contracts and unexpired leases not previously reported on this form.

         ■ No.  Go to Part 12.
         ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor   **Wheelchair Sales & Services, Inc.**                                    Case number *(If known)* _____
          <sub>Name</sub>

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $14,436.17 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $529,615.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $14,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $6,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $15,914.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $579,965.17 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $579,965.17 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | | |

| 2.1 | **McKesson Corporation** | | |
|---|---|---|---|

| | | **Amount of claim** | **Value of collateral** |
|---|---|---|---|
| **McKesson Corporation**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**Note (Trade Debts)** | $862,219.64 | $529,615.00 |
| **One Post Street**<br>**San Francisco, CA 94104**<br>Creditor's mailing address | Describe the lien | | |
| | **Is the creditor an insider or related party?**<br>■ No<br>☐ Yes | | |
| Creditor's email address, if known | **Is anyone else liable on this claim?**<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| **Date debt was incurred** | | | |
| **Last 4 digits of account number** | **As of the petition filing date, the claim is:**<br>Check all that apply | | |
| **Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | | |

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $862,219.64 |
|---|---|---|

### Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)**.**

    ■ No. Go to Part 2.

    ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address<br>**Altimate Medical**<br>**PO Box 678416**<br>**Dallas, TX 75267**<br><br>Date(s) debt was incurred  **10/14/16**<br>Last 4 digits of account number  **2031** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Supplies**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$2,000.00** |
| 3.2 | Nonpriority creditor's name and mailing address<br>**Cocalas, Westerberg, Mommsen**<br>**60 Orland Square Drive**<br>**Orland Park, IL 60462**<br><br>Date(s) debt was incurred  **1/13/17**<br>Last 4 digits of account number  _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Accounting services**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$2,658.00** |
| 3.3 | Nonpriority creditor's name and mailing address<br>**Independence Medical**<br>**PO Box 635864**<br>**Cincinnati, OH 45263**<br><br>Date(s) debt was incurred  _<br>Last 4 digits of account number  **3017** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Supplies**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$4,911.23** |
| 3.4 | Nonpriority creditor's name and mailing address<br>**Kevin Link**<br>**1440 virginia St.**<br>**Downers Grove, IL 60515-1814**<br><br>Date(s) debt was incurred  _<br>Last 4 digits of account number  _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Business loan**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$900.00** |

| Debtor | Wheelchair Sales & Services, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $846.83 |
|---|---|---|---|
| | **Maurice Valeriano** | ☐ Contingent | |
| | **7332 East Ed Rice Avenue** | ☐ Unliquidated | |
| | **Mesa, AZ 85208** | ☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: **Business loan** | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $125,000.00 |
|---|---|---|---|
| | **Sunrise Medical** | ☐ Contingent | |
| | **PO Box 933056** | ☐ Unliquidated | |
| | **Atlanta, GA 31193** | ☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: **Supplies** | |
| | Last 4 digits of account number  **1031** | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,750.00 |
|---|---|---|---|
| | **The Med Group** | ☐ Contingent | |
| | **PO Box 931830** | ☐ Unliquidated | |
| | **Atlanta, GA 31193** | ☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: **Subscription** | |
| | Last 4 digits of account number  **2017** | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $46,569.29 |
|---|---|---|---|
| | **William M. Downs** | ☐ Contingent | |
| | **14415 S. Provencal Dr.** | ☐ Unliquidated | |
| | **Homer Glen, IL 60491** | ☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: **Business loan** | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

## Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Sunrise Medical** **c/o Latimer Levay Fyock, LLC** **55 W. Monroe St., Ste. 1100** **Chicago, IL 60603** | Line  **3.6** ☐ Not listed. Explain ____ | **1031** |

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 184,635.35 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ | 184,635.35 |

**Fill in this information to identify the case:**

Debtor name   **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                                      12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property*
    (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.**   State what the contract or lease is for and the nature of the debtor's interest   **Lease** | |
| State the term remaining   **7/2020** | **14001 Building** |
| List the contract number of any government contract | **William M. Downs Trust** |
| **2.2.**   State what the contract or lease is for and the nature of the debtor's interest   **Lease** | |
| State the term remaining   **7/2020** | **14003 Building** |
| List the contract number of any government contract | **William M. Downs Trust** |
| **2.3.**   State what the contract or lease is for and the nature of the debtor's interest   **Lease** | |
| State the term remaining   **7/2020** | **14005 Building** |
| List the contract number of any government contract | **William M. Downs Trust** |
| **2.4.**   State what the contract or lease is for and the nature of the debtor's interest   **Lease** | |
| State the term remaining   **7/2020** | **14007 Building** |
| List the contract number of any government contract | **William M. Downs Trust** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                               Best Case Bankruptcy

Debtor 1    **Wheelchair Sales & Services, Inc.**                              Case number (*if known*) _____
        First Name          Middle Name          Last Name

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **Sale of medical accounts.** | |
|---|---|---|---|
| | State the term remaining | | |
| | List the contract number of any government contract | _____ | **Providence Home Medical LP**<br>**451 Valley Brook Rd., Ste. 204**<br>**Canonsburg, PA 15317** |

**Fill in this information to identify the case:**

Debtor name    **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206H
## Schedule H: Your Codebtors     12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | _____ | _____ <br> Street <br> _____ <br> City   State   Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.2 | _____ | _____ <br> Street <br> _____ <br> City   State   Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.3 | _____ | _____ <br> Street <br> _____ <br> City   State   Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.4 | _____ | _____ <br> Street <br> _____ <br> City   State   Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Wheelchair Sales & Services, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:    Income

1. **Gross revenue from business**

   ■ None.

   | **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
   |---|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | | **Creditor's Name and Address** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** *Check all that apply* |
   |---|---|---|---|---|
   | 3.1. | **Mercy Sugical Dressing Group** **4 Zesta Drive** **Pittsburgh, PA 15205** | 11/17 - 2/18 | $128,285.64 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor    **Wheelchair Sales & Services, Inc.**                                            Case number *(if known)* _____

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed
   or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount
   may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments
   listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership
   debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
| --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at
   a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
| --- | --- | --- | --- |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account
   of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a
   debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

## Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved
   in any capacity—within 1 year before filing this case.

   ☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- | --- |
| 7.1. | **Sunrise Medical LLC vs. Wheelchair Sales and Service, Inc.**<br>**17 L 1031** | **Contract** | **Circuit Court of Will County**<br>**Twelfth Judicial Circuit**<br>**14 W. Jefferson St.**<br>**Joliet, IL 60432** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a
   receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

## Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of
   the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page **2**

Debtor   **Wheelchair Sales & Services, Inc.**                                        Case number *(if known)* _____

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | David P. Lloyd, Ltd.<br>615B S. LaGrange Rd.<br>La Grange, IL 60525 | **$11,717 ($10,000 Attorney Fees; $1,717 filing fee)** | **11/2017** | **$11,717.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **Providence Home Medical LP<br>451 Valley Brook Rd.<br>Ste. 204<br>Mcmurray, PA 15317** | **Contingent Sale of Customer Accounts-contingent on customer approval** | **10/2017, ongoing as of 12/2017** | **$87,575.00** |
| | Relationship to debtor<br>**Bona fide purchaser** | | | |

## Part 7:   Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor    **Wheelchair Sales & Services, Inc.**                    Case number *(if known)* _____

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor    **Wheelchair Sales & Services, Inc.**                                    Case number *(if known)* _____

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Part 12: | Details About Environment Information |
|---|---|

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

Debtor    **Wheelchair Sales & Services, Inc.**                              Case number *(if known)* _____

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.  **Cocalas, Westberg, Mommsen & Co. Ltd.** **James Mommsen** **60 Orland Square Drive** **Orland Park, IL 60462** | **On retainer** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  **First Midwest Bank** |
| 26d.2.  **VGM Financial Services** |
| 26d.3.  **McKesson Corporation** |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
■ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1. **D. Hart** | **1/2017** | **$14,000.00** |
| **Name and address of the person who has possession of inventory records** | | |
| **William M. Downs** | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

---

Debtor    **Wheelchair Sales & Services, Inc.**                                    Case number *(if known)* _____

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| William M. Downs | 14415 S. Provencal Drive Homer Glen, IL 60491 | Shareholder | 33 1/3% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Kevin Link | 1440 Virginia Street Downers Grove, IL 60515 | Shareholder | 33 1/3% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Maurice Valerlano | 7332 East Ed Rice Avenue Mesa, AZ 85208 | Shareholder | 33 1/3% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

Debtor  **Wheelchair Sales & Services, Inc.**                                    Case number *(if known)* _____

---

| Part 14: | Signature and Declaration |
| --- | --- |

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **February 26, 2018**
_____

**/s/ William M. Downs**                              **William M. Downs**
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor      **Stockholder**
_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No
☐ Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Wheelchair Sales & Services, Inc.**

Debtor(s)

Case No.

Chapter   **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 10,000.00 |
| Prior to the filing of this statement I have received | $ | 10,000.00 |
| Balance Due | $ | 0.00 |

2.   The source of the compensation paid to me was:

    ■ Debtor     ☐ Other (specify):

3.   The source of compensation to be paid to me is:

    ■ Debtor     ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
        **All services required by local Rule. The stated fee is an initial payment toward Debtor's counsel's fees, and the attorney expects to file interim or final fee petitions for all fees earned in this case.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtor(s) in any adversary proceeding or outside the bankruptcy case.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 26, 2018**

*Date*

**/s/ David P. Lloyd**
**David P. Lloyd**
*Signature of Attorney*
**David P. Lloyd, Ltd.**
**615B S. LaGrange Rd.**
**La Grange, IL 60525**
**708-937-1264  Fax: 708-937-1265**
**info@davidlloydlaw.com**
*Name of law firm*

# David P. Lloyd, Ltd.

615B S. LaGrange Rd., LaGrange IL 60525
(708) 937-1264 • Fax: (708) 937-1265

November 16, 2017

Wheelchair Sales & Service, Inc.
c/o William M. Downs
14001 W. Illinois Hwy
New Lenox IL  60451

Dear Mr. Downs:

Thank you again for selecting David P. Lloyd, Ltd., to represent you. We have agreed to represent you in filing a Chapter 11 bankruptcy case.

We agree to perform legal services for you and charge you for such services based on the time necessary to complete the matters you have asked me to handle. For the handling of your Chapter 11 case, We will charge a fee of $400/hour for the principal of the firm, and $200/hour for associates. These hourly rates are subject to change, review and adjustment by the firm as a matter of firm policy. If the firm's hourly rates are increased, you will be billed at the increased rates. I may also charge you for expenses I incur in handling your case. Such charges may include, but may not be limited to, the following: (1) court filing fees; (2) the actual cost of photocopies and/or postage for volume mailings; (3) the actual cost of overnight, messenger, or other delivery services; (4) long distance telephone charges; and (5) the actual cost of court reporters and transcripts.

The services we will provide in connection with this matter will include the following: Preparation and filing of the bankruptcy petition and schedules; attendance at the meeting of creditors; preparation of a plan and disclosure statement and attendance at one or more confirmation hearings; advising you on the status of the case and your rights and responsibilities; negotiating with any secured creditor and its agents regarding cash collateral orders and ultimately a plan to pay the secured claim of the creditor; review and preparation of documents necessary to consummation of any agreement; and negotiations with other creditors as directed. This agreement does not include representation in courts other than the Bankruptcy Court, including any state court proceeding and the appeal of any matter. If other matters arise in your case that will require additional services, we will make every reasonable attempt to discuss them with you before we perform additional services that will involve additional fees or expenses. However, in emergency situations we may be forced to take additional actions to protect your rights without first conferring with you; in such a case we will notify you as soon as possible of the action I have taken and the charge, if any.

I have requested $11,717.00 as an initial payment, including the filing fee of $1,717.00 for the filing feee and the balance of $10,000.00 toward our fees. The fee amount will be deposited in a general operating account and not a client trust account. I will apply the funds to the payment of the legal fees and expenses incurred based on the hourly rates and other charges set forth above. Before filing the Chapter 11 I will send you a statement for our fees through that date, and if you agree with the statement I will apply the funds we have received to the fees already earned. We agree to refund to you the portion of any retainer you have paid that has not been applied to the payment of legal fees or expenses at the time of the termination of our representation. Under the Bankruptcy Code

of legal fees or expenses at the time of the termination of our representation. Under the Bankruptcy Code and Rules, we may be required to obtain approval of our fees from the Bankruptcy Court. The reason that we will deposit the entire payment in my general account is that we anticipate the total fee to be at least as much as the initial payment, and we are not able to simply send you an invoice for any future fees.

This agreement is between David P. Lloyd, Ltd., and Wheelchair Sales & Service, Inc. By signing this agreement, you represent that you have full authority to bind Wheelchair Sales & Service, Inc. to this agreement.

You understand that we will not be able to provide adequate legal representation if you fail to fully cooperate with us, fail to provide me with complete and accurate information, or fail to fulfill your obligations. You further understand that your failure to provide information, cooperate or fulfill your obligations may result in my having to terminate my relationship with you.

Either party may terminate this agreement with or without cause at any time upon giving written notice to the other party (although the Rules of Professional Conduct may limit my ability to discontinue representing you). The termination of this agreement will not affect your obligation to pay for the legal services we have rendered. We agree, in the event this agreement is terminated, to return to you all files in our possession provided you have paid all outstanding legal fees and expenses.

Nothing in this agreement should be construed to mean that either the Law Firm or the individual attorneys responsible for your case are acting as financial advisors, appraisers, accountants or other financial or asset consultants. Professionals of these kinds may be necessary to the resolution of your financial difficulties, and it will be your responsibility to consult with and retain such professionals. Our services are limited to the rendering of advice on available remedies under the law.

This agreement contains our full and complete understanding with respect to the subject matter hereof. This agreement supersedes all prior representations and understandings, whether written or oral. If you agree to all the above terms, please date and sign this Agreement in the space below and return a copy, with payment of the retainer if not already paid. Keep a copy of this agreement for your file.

Accepted and agreed this _16_ day of __November____, 2017:

Wheelchair Sales & Service, Inc.

By:_____
    William M. Downs


David P. Lloyd, Ltd.

By:_____
    David P. Lloyd

# United States Bankruptcy Court
## Northern District of Illinois

In re __Wheelchair Sales & Services, Inc.__

Debtor(s)

Case No. _____

Chapter __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| -NONE- | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Stockholder** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date __February 26, 2018__

Signature __/s/ William M. Downs__

__William M. Downs__

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Wheelchair Sales & Services, Inc.** _____     Case No. _____

                                  Debtor(s)     Chapter   **11**_____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **15**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **February 26, 2018**_____     **/s/ William M. Downs**_____

                                                      **William M. Downs**/Stockholder
                                                      Signer/Title

14001 Building
William M. Downs Trust

14003 Building
William M. Downs Trust

14005 Building
William M. Downs Trust

14007 Building
William M. Downs Trust

Altimate Medical
PO Box 678416
Dallas, TX 75267

Cocalas, Westerberg, Mommsen
60 Orland Square Drive
Orland Park, IL 60462

Independence Medical
PO Box 635864
Cincinnati, OH 45263

Kevin Link
1440 virginia St.
Downers Grove, IL 60515-1814

Maurice Valeriano
7332 East Ed Rice Avenue
Mesa, AZ 85208

McKesson Corporation
One Post Street
San Francisco, CA 94104

Providence Home Medical LP
451 Valley Brook Rd., Ste. 204
Canonsburg, PA 15317

Sunrise Medical
PO Box 933056
Atlanta, GA 31193

Sunrise Medical
c/o Latimer Levay Fyock, LLC
55 W. Monroe St., Ste. 1100
Chicago, IL 60603


The Med Group
PO Box 931830
Atlanta, GA 31193


William M. Downs
14415 S. Provencal Dr.
Homer Glen, IL 60491

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Wheelchair Sales & Services, Inc.**

Debtor(s)

Case No.

Chapter   **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Wheelchair Sales & Services, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**February 26, 2018**

Date

**/s/ David P. Lloyd**

**David P. Lloyd**

Signature of Attorney or Litigant

Counsel for   **Wheelchair Sales & Services, Inc.**

**David P. Lloyd, Ltd.**
**615B S. LaGrange Rd.**
**La Grange, IL 60525**
**708-937-1264 Fax:708-937-1265**
**info@davidlloydlaw.com**