UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 18 B 05186 |
| WHEELCHAIR SALES & SERVICES, ) | Chapter 11 |
| INC., ) | Judge Donald R. Cassling |
| ) | |
| Debtor. ) | |

**MEMORANDUM OPINION**

When Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), it imposed new obligations upon "small business" Chapter 11 debtors that were more onerous than those applied to other Chapter 11 debtors. It justified these new burdens as necessary to correct the perceived lack of creditor oversight in small business Chapter 11 cases. H. R. Rep. No. 109-31, pt. 1 at 19 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 105. One of the major changes Congress made was to require that small-business plans be confirmed within forty-five days of the plan's filing, and to impose strict requirements for how and when that deadline could be extended. "The expedited nature of the confirmation process pursuant to 11 U.S.C. § 1129(e) is a clear example of Congress' attempt to keep small business cases on a short leash." *In re Sanchez*, 429 B.R. 393, 398 (Bankr. D.P.R. 2010).

This case involves the question of whether a small-business Chapter 11 debtor may slip that leash by simply filing an amended plan within the forty-five day window created by BAPCPA. In other words, does filing an amended plan automatically create a new forty-five day window, or is the debtor instead required to comply with the Code's strict requirements for obtaining an extension of that confirmation deadline?

Wheelchair Sales & Services, Inc. ("Debtor") argues that the plain and unambiguous language of 11 U.S.C. § 1129(e) provides for the creation of a new forty-five day confirmation

window every time an amended plan is filed. The United States Trustee (the "UST") argues that the plain and unambiguous language of the statute requires Debtor instead to comply with the Code's strict requirements for obtaining an extension of the confirmation deadline. Both parties present reasonable interpretations of the statutory language, so neither of them can be correct that the statutory language is plain and unambiguous. Resort to BAPCPA's legislative history is therefore necessary to resolve the dispute.

Based upon that review and policy concerns, the Court agrees with the UST that, if a small-business Chapter 11 debtor wishes to obtain an extension of the plan-confirmation deadline, it must follow the strict requirements of the Code for doing so and may not avoid compliance by simply filing an amended plan. Accordingly, the Court sustains the objection filed by the UST and denies Debtor's motion to extend time to confirm a plan.

## BACKGROUND

Debtor filed a Chapter 11 bankruptcy petition on February 26, 2018 and designated itself as a "small business." (Dkt. No. 1.) On the same day, the Court entered an order requiring that Debtor file its plan and disclosure statement by August 27, 2018. (*Id.* at 3.) Debtor failed to comply with this order and did not file its plan until September 17, 2018. (*Id.* at 45).

As discussed below, because this case had been designated a "small business," this filing date of September 17th established a forty-five day window for confirmation of at least that plan under § 1129(e) of the Bankruptcy Code. That window was scheduled to close on November 1, 2018.

Because the disclosure statement intended to accompany the plan had not yet been completed, Debtor also filed on September 17th a motion to extend the deadline for filing its plan and disclosure statement to October 5, 2018. (*Id.* at 46.) This was only a motion to extend the

2

plan-*filing* deadline set by the Court's order of February 26, 2018. It was not a motion to enlarge the forty-five day window for plan *confirmation* set by § 1129(e).

The Court granted Debtor's motion to extend the time to file a plan to October 5, 2018. (*Id.* at 50.) On October 5, 2018, Debtor not only filed a disclosure statement, but also filed an amended plan. (*Id.* at 55 & 56.)

On October 25, 2018, Debtor filed the motion currently before the Court seeking an extension of the forty-five day plan confirmation deadline to January 19, 2019 (the "Motion"). (*Id.* at 67.) However, Debtor noticed the Motion to be heard on November 6, 2018, five days after the November 1st deadline had passed.

On November 2, 2018, the UST objected to the Motion, arguing that the forty-five day window for confirming a small-business plan had expired on November 1st. (*Id.* at 70.) The UST also filed an objection to confirmation of Debtor's modified plan, arguing that it was not confirmable for the same reason. (*Id.* at 72.) In response, Debtor filed a reply arguing that the filing of its amended plan started a new forty-five day window for confirmation. Debtor's reply was followed by the UST's sur-reply. (*Id.* at 86.)

## DISCUSSION

"In a small business case, the court shall confirm *a* plan . . . not later than 45 days after *the* plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." 11 U.S.C. § 1129(e) (emphasis added). The issue before the Court is whether the forty-five day deadline for plan confirmation established by § 1129(e) is reset when a debtor files an amended plan.

Debtor filed its first proposed plan on September 17th—creating a deadline to confirm at least that plan by November 1st. It is undisputed that the Court did not sign an order extending

3

that deadline prior to or on November 1st. Debtor contends that the filing of an amended plan on October 5th started a new forty-five day deadline—November 19th. The UST disagrees and argues that the forty-five day period began when Debtor filed its initial plan and that date—November 1st—has long passed so Debtor cannot now obtain an extension of time to confirm its plan.

The UST asserts that his argument is supported by the plain and unambiguous language of the Bankruptcy Code. Specifically, the UST argues that § 1129(e) plainly requires confirmation of any small-business plan within forty-five days of its filing and has been so interpreted by most courts addressing the issue.[1] (Dkt. No. 72, pp. 4-5.) The UST also argues that accepting Debtor's interpretation would render § 1121(e)(3) superfluous, thereby violating an additional cardinal principle of statutory construction. *See* (Dkt. No. 86, p. 7); *see also Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1077 (7th Cir. 2013) (providing that statutory interpretation should not render a statute superfluous). As discussed below, § 1121(e)(3) imposes three requirements upon a small-business debtor seeking an extension of the forty-five day deadline for confirming its plan. According to the UST, Debtor's interpretation would allow a small-business debtor to avoid those three requirements altogether by the simple expedient of filing an amended plan before expiration of the forty-five day period. Finally, the UST argues that the legislative history of §§ 1129(e) and 1121(e)(3) convincingly supports his statutory interpretation and refutes Debtor's. This resort to legislative history is appropriate if the statutory language is ambiguous. *See United States v. Public*

---

[1] Some courts have held that when an amended plan is substantially the same as the original plan, the amended plan relates back to the original plan and does not create a new deadline to confirm the plan. *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 388 B.R. 202, 225 (Bankr. W.D. Tex. 2008), *aff'd*, 2009 WL 8637183 (W.D. Tex. Sept. 29, 2009), *aff'd*, 632 F.3d 168 (5th Cir. 2011); *see In re Florida Coastal Airlines, Inc.*, 361 B.R. 286 (Bankr. S.D. Fla. 2007) (interpreting § 1121(e)(2)). One court has held that an amended plan does not extend the confirmation deadline, regardless of whether the amended plan is substantially different from the original plan. *See In re Star Ambulance Serv., LLC*, 540 B.R. 251, 259 (Bankr. S.D. Tex. 2015).

*Utils. Comm'n of Cal.*, 345 U.S. 295, 315 (1953). But it is inappropriate to rely on legislative history to contradict the plain and unambiguous language of a statute. *United States v. Woods*, 571 U.S. 31, 46 n.5 (2013); *United States v. Rand*, 482 F.3d 943, 947 (7th Cir. 2007).

Significantly, Debtor asserts that its argument is also supported by the plain and unambiguous language of the Bankruptcy Code. Specifically, Debtor argues that the phrase "*the plan*" in § 1129(e) should be construed to mean the amended plan filed by Debtor on October 5th, not the original plan filed on September 17th, because *the* plan in this case is now the amended plan. To support that reading of § 1129(e), Debtor cites to § 1127(a), which provides that "[t]he proponent of a plan may modify such plan at any time before confirmation. . . . After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes *the plan*." 11 U.S.C. § 1127(a) (emphasis added). Debtor argues that once it filed the amended plan, that document became *the* plan for purposes of § 1129(e).[2]

It is this Court's opinion that both parties' interpretations of § 1129(e) are reasonable. By definition, that conclusion means that the statutory language is neither plain nor unambiguous: "A statute is ambiguous if it is susceptible of more than one accepted meaning." *Brown v. Stacy (In re Stacy)*, 227 B.R. 272, 277 (Bankr. N.D. Ill. 1998).

Because the statutory term "the plan" is undefined in § 1129(e) and because both parties have submitted reasonable interpretations of the statutory language, the Court can resort to legislative history: "When the plain meaning of a statutory term is unclear, outside considerations can be used in an attempt to glean the legislative intent behind the use of the term." *Emergency*

---

[2] In further support of its argument, Debtor points to § 1127(f)(2), which applies to plan modifications for individual debtors post-confirmation. That section provides that "[t]he plan, as modified, shall become *the plan* only after there has been disclosure under section 1125 as the court may direct, notice and a hearing, and such modification is approved." 11 U.S.C. § 1127(f)(2) (emphasis added). Debtor highlights this to show that the Code requires disclosure or hearings for modifications to plans in limited circumstances. Because this is not an individual debtor post-confirmation, the amended plan became the plan upon filing.

5

*Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 465 (7th Cir. 2012).

What does that legislative history demonstrate? The Court agrees with the UST that that history strongly supports his interpretation of the statute.

In 2005, Congress enacted certain statutory provisions for processing and confirming small business Chapter 11 cases. Among other changes, Congress imposed expedited deadlines in § 1129(e) for confirmation of a small business Chapter 11 plan, and implemented a statutory framework for small business debtors to extend those deadlines in § 1121(e). This expedited confirmation process was Congress' attempt to keep these small business cases on a "short leash." *Sanchez*, 429 B.R. at 398.

Section 1127 sets forth the process and procedure for modification of a Chapter 11 plan. This provision of the Code does not address the forty-five day deadline imposed on a small business debtor, nor does it expressly negate a small business debtor's obligation to confirm a plan within that time period or obtain an extension under § 1129(e). Debtor's interpretation of § 1129(e) in light of § 1127(a) could easily lead to absurd results and potential abuse in small business cases. *See Public Utils. Comm'n of Cal.*, 345 U.S. at 315 (providing that interpretation of a statute should not produce a result at odds with its purpose). For example, a small business debtor could repeatedly avoid the Code's deadline-extension requirements by simply amending its plan on the forty-fourth day of each new confirmation window, thereby entirely avoiding the "short leash" that Congress placed on small business debtors.

Accordingly, the Court rules that the filing of an amended plan does not have the effect of extending the confirmation deadline. If a debtor files an amended plan and determines that it needs additional time to confirm that plan, it is the debtor's responsibility to file a motion to extend the confirmation deadline and to satisfy the three requirements of § 1121(e)(3). Debtor in this instance

failed either to confirm a plan or extend the confirmation date prior to November 1, 2018. This Motion, therefore, is denied.

However, even if the Court were to have concluded that November 19th was the appropriate deadline for ruling on its Motion, the Court would still rule against Debtor, because its Motion fails to satisfy § 1121(e)(3).

The Code provides small business debtors a remedy when they need additional time to propose and confirm a plan—they need to seek an extension order from the court as prescribed by § 1121(e)(3). Under § 1121(e)(3), a court can extend the confirmation deadline only if:

(A)   the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
(B)   a new deadline is imposed at the time the extension is granted; and
(C)   the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e)(3).

Subparagraph (A) requires that a small-business debtor provide "notice to parties in interest (including the United States trustee)" of its motion seeking to extend the confirmation date. *Id.* In the Seventh Circuit, a "party in interest" means "someone who has a legally recognized interest in the debtor's assets, namely the debtor (or the trustee in bankruptcy. . .) and the *creditors*." *In re C.P. Hall Co.*, 750 F.3d 659, 661 (7th Cir. 2014) (emphasis added) (interpreting 11 U.S.C. § 1109(b)).

Debtor provided notice of the Motion only to the UST and attorney Mark E. Shure on behalf of Sunrise Medical (US) LLC. (Dkt. No. 67, p. 2.) Debtor failed to provide notice to eight other creditors listed in its Schedules (*Id.* at 1, pp. 6-7) and creditors that filed proofs of claims—the Internal Revenue Service, 4345 Southport Blvd., and Mercy Surgical Dressing Group, Inc. (Claim Nos. 1-2, 2-1, & 3-1.)

Debtor attempts to excuse this failure by asking the Court to limit its definition of "parties in interest" to include only the parties that have actively participated in the bankruptcy case. This interpretation is not supported by any caselaw and contradicts the Seventh Circuit's own definition of the phrase. The creditors that Debtor failed to provide notice to are indeed "parties in interest" and are directly affected by the terms of Debtor's proposed plan. Based on the failure to provide notice to these other creditors, Debtor did not satisfy subparagraph (A) of § 1121(e)(3).

Accordingly, Debtor has failed to satisfy § 1121(e)(3)(A), even if the Court were to have held that it had satisfied subparagraph (C).

## CONCLUSION

For the reasons previously stated, the Court sustains the objection of the UST and denies Debtor's Motion.

**ENTERED:**

**DATE: November 20, 2018**

*Donald R. Cassling* DAC

**Donald R. Cassling**
**United States Bankruptcy Judge**

8